PER CURIAM.
Appellant seeks review of an order quashing alternative and amended writ of mandamus and dismissing cause.
Prior to December 1, 1957 relator, Thomas L. Odem, was a practicing plumber in Hialeah and held a Hialeah license which indicated that relator limited his business to plumbing repairs. On December 1, 1957 Dade County ordinance 57-25 relating to the regulations of the trades and issuance of certificates of competency became effective. This ordinance contained a ‘grandfather” clause which provided for the issuance of a certificate of competency without the required written examination to an applicant who at the time of the effective date of the ordinance held a current license or certificate issued by a municipality in Dade County in the same category as that applied for. Relator made application thereunder and was issued by the county a certificate as a master plumber. However, this certificate, having been issued erroneously was recalled and relator then was issued a journeyman’s certificate because relator limited his practice to plumbing repairs. On June 5, 1973 relator petitioned the Construction Trades Qualifying Board of Dade County, Florida, appellee herein, to correct the action it had taken in rescinding and recalling his certificate of competency as a master plumber and to issue to him an unrestricted certificate of competency as a master plumber because the rescission of the certificate was a mistake or error. Appel-lee board denied the petition. Thereupon relator filed in the circuit court a petition for alternative writ of mandamus. Appel-lee board in response thereto filed a motion to quash petition. After a hearing thereon, the court entered an order holding the motion to quash in abeyance for further argument and granted relator 20 days to amend his petition. The relator filed his amended petition for alternative writ of mandamus and appellee board filed a motion to quash the amended petition. Both parties submitted respective memo-randa of law and subsequently the court entered its order quashing the amended petition for alternative writ of mandamus and dismissed the cause. Relator appeals therefrom. We affirm.
It is basic that to warrant the issuance of mandamus, there must be a clear legal right in the relator. See 21 Fla.Jur. Mandamus § 24 (1958) and cases cited therein. After a close scrutiny of relator’s amended petition for alternative writ of mandamus, we find that there is no allegation contained 'therein that relator pos *624 sessed a master plumber’s certificate of competency from the City of Hialeah in which he carried on his business as required by Dade County ordinance 57-25. In addition, there is no such certificate of competency attached to his petition. Thus, we find that the relator failed to establish a clear legal right and, therefore, the judge was eminently correct in quashing the petition and dismissing the cause.
Accordingly, the order herein appealed is affirmed.
Affirmed.